UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NOURI EDWARD HAKIM** | **CIVIL ACTION NO. 25-cv-303** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ALAN A COHEN** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss under Rule 12(b)(2) for Lack of Personal Jurisdiction and/or to Stay [doc. #11] filed by Alan Cohen ("Cohen"). Plaintiff Nouri Edward Hakim ("Hakim") opposes the motion. [doc. #14].

For reasons assigned below, **IT IS RECOMMENDED** that Cohen's motion [doc. #11] be **GRANTED IN PART and DENIED IN PART**. To the extent that Cohen moves to dismiss for lack of personal jurisdiction, **IT IS RECOMMENDED** that the motion be **DENIED**. To the extent that Cohen moves for a stay, **IT IS RECOMMENDED** that the motion be **GRANTED**.

BACKGROUND

The instant case stems from a dispute over the ownership of Admar International, Inc. ("Admar"), a corporation which was incorporated under the laws of Delaware in 1994 and has maintained its principal place of business in Monroe, Louisiana, since that same time. [doc. #1]. At that time Cohen worked in Monroe, Louisiana with Hakim. [docs. #1, 11]. Both parties agree Cohen has not been involved in management or operations of Admar since sometime in 1995 when Cohen moved back to his home state of New York, where he continues to reside to this day. *Id*.

In 2021, an action was filed by Luv n' care Ltd. ("LNC") and various of its shareholders against Hakim; his brother, Joseph H. Hakim; and other shareholders of LNC in Louisiana state court. *Luv n' Care, Ltd., et al v. Nouri Ed Hakim, et al*, Docket No. 2021-0470 (La. 4th Judicial District Court). Cohen claims that the plaintiffs and defendants in that action sought factual evidence from him regarding the ownership of Admar which prompted his production of affidavits in August and November of 2024.[1] Cohen averred at that time that he is the sole owner of all shares of Admar, as well as its de facto board of directors. [doc. #14]. During the state court suit, Cohen was made aware that Hakim was also claiming to be the sole shareholder of Admar. *Id*.

On February 13, 2025, Cohen initiated a lawsuit against Hakim in the Court of Chancery of the State of Delaware to establish Cohen's status as the sole shareholder of Admar. [doc. #11]. On March 17, 2025, Hakim filed a notice of removal of the Delaware state court action in the United States District Court for the District of Delaware. *Id*. On March 20, 2025, Cohen responded by filing a motion to remand in the federal case, seeking remand back to the Delaware Chancery Court. *Id*. On the same day, March 20, 2025, Hakim filed a motion in the Delaware federal action to transfer to the case to the Western District of Louisiana arguing, among other things, that the Delaware federal court lacks personal jurisdiction over him. *Id*. The Delaware district court denied Cohen's motion to remand on May 6, 2025. Order, *Cohen v. Hakim, et al.*, 1:25-CV-00320 (D. Del. May 6, 2025), [doc. #23]. Hakim's motion to transfer has been briefed, but remains pending. *Id*.

On March 12, 2025, Hakim filed this suit separately in the Western District of Louisiana. [doc. #1]. Hakim filed a Complaint for Declaratory Relief and Damages and Request for Trial by

---

[1] Hakim appears to dispute whether Cohen was requested to provide an affidavit or provided his affidavits of his own volition. [doc. #14, p. 2]. Regardless, both parties agree that the Louisiana state lawsuit brought the present dispute over Admar's ownership to fruition.

2

Jury wherein he seeks a declaration of his legal rights with respect to ownership of the issued and outstanding stock shares of Admar. *Id*. Additionally, Hakim asserts Louisiana state law claims of fraud and abuse of process arising from Cohen's filing of his affidavits in the Louisiana state court case and the filing of the lawsuit in Delaware state court. *Id*.

On April 25, 2025, Cohen filed the instant Motion to Dismiss under Rule 12(b)(2) for Lack of Personal Jurisdiction and/or to Stay. [doc. #11]. Cohen argues that the Western District of Louisiana lacks personal jurisdiction over him and that Hakim will be unable to show that Cohen had minimum contacts with Louisiana sufficient to establish general or specific personal jurisdiction. *Id*. In the alternative, Cohen argues that under the first-to-file rule, this case should be stayed pending a decision by the Delaware district court, which is the proper court to determine which case should proceed since both suits pertain to the same issues. *Id*.

On May 15, 2025, Hakim filed his opposition to Cohen's motion. [doc. #14]. Hakim argues that Cohen's assertion of ownership of a corporation with its principal place of business in Louisiana is sufficient to establish personal jurisdiction over Cohen. *Id*. Further, Hakim opposes a stay, arguing that the first-to-file rule is inapplicable because the Delaware district court does not have personal jurisdiction over him. Instead, the Western District of Louisiana is the proper jurisdiction for this case. *Id*. Cohen filed a reply on May 29, 2025, and Hakim filed a sur-reply on June 24, 2025. [docs. #18, 21]. The time for additional filings has elapsed. Accordingly, the motions are ripe.

## LAW AND ANALYSIS

### I.     Federal Rule of Civil Procedure 12(b)(2)

"Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. InstaMix,*

3

*Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Guidry v. U.S. Tobacco, Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).

"[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists."  *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985)); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).  Moreover, "[i]n determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."  *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).  The Court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.  *Id*.

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.  *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).  In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."  *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (reversed in part on other grounds) (citing L<small>A</small>. R.S. 13:3201(B)).  The Due Process Clause of the Fourteenth Amendment protects an individual against being made subject to "the binding judgments of a forum with which it has established no meaningful contacts, ties, or

relations." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 5th Cir. 2012).

A court may exercise personal jurisdiction over a non-resident defendant when "(1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Minimum contacts" can be established through general jurisdiction or specific jurisdiction. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable. *Nuovo Pignone, SpA*, 310 F.3d at 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared

interest of the states in furthering fundamental substantive social policies. *Bullion*, 895 F.2d at 216 n.5.

        A.        **General Personal Jurisdiction**

General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609-10 (5th Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 415). "A court has general jurisdiction over a foreign corporation when its affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 920 (2011). The Supreme Court clarified that the "at home" standard described in *Goodyear* is a high bar, reasoning that defendants should not be forced to defend themselves in jurisdictions where they may have a presence, or even where they conduct significant amounts of business, yet are not "at home." *Daimler AG v. Baumer,* 571 U.S. 117, 134 (2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F. 3d 602, 609 (5th Cir. 2008) ("The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum"); *see also Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Johnston*, 523 F.3d at 610 (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir.2002) (citations omitted))). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id.* (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir.2007).

6

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir.1999). The contacts must be reviewed in toto, and not in isolation from one another. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 779 (5th Cir.1986); *see also Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) ("None of the activities individually constitutes a substantial or meaningful contact with Texas, Texas law, or Texas residents, and certainly considered in toto they fail to amount to continuous and systematic contact with Texas such that general jurisdiction is created"). But vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir.1999).

Cohen asserts in his motion that he has not lived in Louisiana since 1995 and has only been in the state three times in the interim. [doc. #11-1, p.8]. Hakim does not dispute that Cohen is a New York resident and has not been in Louisiana for any prolonged amount of time. [doc. #14]. Further, Hakim and Cohen agree that Cohen has not been involved in the day-to-day management or operations of Admar since 1995. [docs. #1, 11-1]. Considering these contacts in toto, Cohen's isolated return visits to Louisiana, without more, do not constitute "continuous and systematic contact" with this jurisdiction. *Religious Tech. Ctr.*, 339 F.3d at 374. Thus, this Court cannot exercise general personal jurisdiction over Cohen.

    **B.**    **Specific Personal Jurisdiction**

Specific personal jurisdiction exists (1) when a defendant has purposely directed his activities or availed himself of the privileges of conducting his activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction

is fair, just, and reasonable. *Nuovo Pignone, SpA*, 310 F.3d at 378 (citing *Burger King Corp.*, 471 U.S. 462 at 472). As the Supreme Court has explained:

> Specific jurisdiction . . . depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

*Goodyear Dunlop Tires Operations*, 564 U.S. at 920 (internal citations and quotations omitted).

Cohen argues that the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014), controls, and there has not been sufficient conduct by Cohen to "form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285-86. However, as Hakim notes in his opposition, while Cohen's contacts with Louisiana may be sporadic and far-removed in time, those contacts with the State underly the instant suit as well as the suit Cohen himself brought in Delaware. [doc. #14, p.8]. By Cohen's own admission the alleged transfer of the Admar stock shares to his sole ownership occurred while he was living in Louisiana. [doc. #11-1, p. 4]. If stocks were transferred or granted to Cohen as and when he claims, then he availed himself of the privileges of conducting a business and obtaining its total ownership within the bounds of the State of Louisiana. Further, this alleged transfer of stock shares is the activity from which the present case, and Hakim's request for a declaratory judgment, arises.

Cohen argues, however, that he was required to provide the affidavit(s) in the Louisiana state action, and this alleged requirement cannot create personal jurisdiction over him. [doc. #18]. This argument is meritless. First, it is Cohen's claim of when and where the stock share transfer took place that creates specific, personal jurisdiction. His affidavits in the state court merely confirm that specific personal jurisdiction. Moreover, if, as he argues, he was somehow "required' to provide an affidavit, then he effectively admits that he is subject to the State of Louisiana's

8

subpoena power as a shareholder of Admar. Cohen did not make a special or limited appearance in the state court case to contest the subpoena, but instead responded to the subpoena. Cohen's claims in those affidavits give rise to Hakim's claims of fraud and abuse of process in this lawsuit. Without addressing the merits of the claims, the undersigned concludes Hakim has met his burden to establish the first two elements supporting the exercise of personal jurisdiction at the Rule 12(b)(2) stage.

Even so, the Court may only exercise personal jurisdiction over Cohen if it is fair, reasonable, and just. *Nuovo Pignone, SpA*, 310 F.3d 378. "It is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). This is not the type of "compelling case" to suggest that the Court's assertion of personal jurisdiction is unfair and unreasonable when minimum contacts have been established. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018). At most, Cohen demonstrates that he may suffer inconvenience traveling to and from Louisiana. The Court finds that this inconvenience is not so great that it outweighs the interests of Hakim and the forum state. *See Brandt*, 195 F.3d at 216; *see generally BidPrime, LLC v. SmartProcure, Inc.*, 2018 WL 5260050, at *4 (W.D. Tex. Oct. 22, 2018) (denying dismissal under Rule 12(b)(2)). Therefore, the undersigned finds that this Court does possess personal jurisdiction over Cohen.

Accordingly, **IT IS RECOMMENDED** that Cohen's Motion to Dismiss under Rule 12(b)(2) for Lack of Personal Jurisdiction be **DENIED**.

**II.     Motion to Stay**

Alternatively, Cohen seeks a stay of this matter under the first-filed rule, arguing that the Delaware lawsuit should proceed while this matter is stayed and should only proceed in this Court if the Delaware court chooses to grant the motion to transfer.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Homoki v. Conversion Servs., Inc.*, 488 F. App'x 848, 850 (5th Cir. 2012) (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)). The rule promotes both comity and sound judicial administration including maximizing judicial economy and minimizing the risk of inconsistent outcomes. *Green Tree Servicing, L.L.C. v. Clayton*, 689 F. App'x 363, 367 (5th Cir. 2017). The danger of refusing to apply the doctrine is that rulings made by the second-filed court "would either conflict with a ruling already made [by the first-filed court], rehash an issue already decided, or trench on a sister court's treatment of the issue before it has been reached there." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

"Therefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997); *see also Green Tree Servicing*, 689 F. App'x at 367 ("If there is 'substantial overlap' between the two cases, 'the court in which the case was last filed may refuse to hear it.'") (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011)); *Burger v. Am. Mar. Officers Union*, 1999 WL 46962, at *2 (5th Cir. Jan. 27,1999) ("It was therefore within the [second-filed] court's broad discretion to decline jurisdiction over Burger's claims, and to defer to the first-filed court in order to avoid unnecessary litigation and the risk of an inconsistent result."); *Cadle*, 174 F.3d at 603 ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *Stone Clinical Laboratories, LLC v.*

*Agena Bioscience, Inc.*, 2019 U.S. Dist. LEXIS 218065, 2019 WL 6910265, at *2 (E.D. La. Dec. 19, 2019).

      Here, a review of the pleadings in the first-filed matter in the Delaware district court and this Court shows that there is significant overlap between the two cases, such that their positions as plaintiff and defendant are the only substantial distinctions. These two cases, in essence, seek a determination of who own the shares of the same corporation and pertain to the same parties. Under the first-to-file rule, the proper course of action is for this Court to either transfer or stay this matter so that the first-filed court can determine which case should, in the interests of sound judicial administration and judicial economy, proceed. *Tech. Indus., Inc. v. SB Int'l, Inc.*, 2020 U.S. Dist. LEXIS 248890 (W.D. La. Dec. 21, 2020). No motion to transfer is before this Court, but a stay will prevent inefficient, piecemeal litigation and allow the Delaware court to determine which case should proceed (and where).

      In his opposition to Cohen's Motion to Stay, Hakim asserts that Delaware does not possess personal jurisdiction over him and thus the underlying rationale of the first-to-file rule is inapplicable. [doc. #14]. However, the Fifth Circuit has noted that "[w]hile the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the rule, resolving the dispute in favor of that court's jurisdiction is never a condition precedent to applying it." *See Cadle*, 174 F.3d at 605 (citing *Berisford Capital Corp. v. Central States, Southeast and Southwest Areas Pension Fund*, 677 F. Supp. 220 (S.D.N.Y. 1988) ("I would not conclude in the sound discretion allotted to me in this matter that [jurisdictional uncertainty in the first filed court], standing virtually alone, should be so compelling as to cause me to depart from the [well-established] and salutary first-filed rule.") (internal quotations omitted)); *Brower v. Flint Ink Corp.*, 865 F. Supp. 564, 570 (N.D. Iowa 1994) (noting that *Berisford* "rejected the suggestion that

jurisdictional uncertainties standing alone should be so compelling as to cause the court to depart from the 'first filed rule.'"); *Firstier Bank, N.A. v. G-2 Farms*, 1996 WL 539217, at *4 (D. Neb. Mar. 11, 1996) (noting that a jurisdictional dispute is only one factor to consider).

Accordingly, **IT IS RECOMMENDED** that Cohen's alternative motion to stay be **GRANTED**. Once the Delaware federal district court issues a decision on the motion to transfer, the parties shall notify the Court, so that the stay may be lifted, if appropriate, and further action may be taken.

## CONCLUSION

For above assigned reason,

**IT IS RECOMMENDED** that Cohen's Motion [doc. #11] be **DENIED IN PART** and **GRANTED IN PART**. To the extent that Cohen moves to dismiss for lack of personal jurisdiction, **IT IS RECOMMENDED** that the motion be **DENIED**. To the extent that Cohen moves for a stay, **IT IS RECOMMENDED** that the motion be **GRANTED**. Once the Delaware federal district court issues a decision on the motion to transfer, the parties shall notify the Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b). A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION SET FORTH ABOVE, WITHIN 14 DAYS AFTER BEING SERVED WITH A COPY, SHALL BAR THAT**

12

**PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.** *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 2nd day of January, 2026.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE